IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LAURENTINA & JESUS ANDRADE § | | |
| *Plaintiffs* § | | |
| § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| § | | |
| GREAT LAKES REINSURANCE U.K. SE § | | |
| § | | |
| *Defendant* § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**Insurer delayed and underpaid covered claims and failed to conduct a reasonable investigation for the policyholder.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS, LAURENTINA & JESUS ANDRADE (hereinafter the "Plaintiffs") complaining of and against GREAT LAKES REINSURANCE SE (hereinafter "GREAT LAKES" or "Defendant") and hereby respectfully shows unto the Court and Jury as follows:

**I.     PARTIES**

1.     Plaintiffs, LAURENTINA & JESUS ANDRADE, are citizens and residents of Jefferson County, Texas.

2.     Defendant, GREAT LAKES REINSURANCE (U.K.) S.E. is a for-profit, foreign surplus line insurance company doing business in the state of Texas with its domicile in London, England (hereinafter "GREAT LAKES"). GREAT LAKES may be served with process by serving the Commissioner of Insurance, Texas Department of Insurance, Chief Clerk Office, Mail Code

GC-CCO, P.O. Box 12030, Austin, Texas 78711 and then forwarded to C/O McDermott Will 340 Madison Avenue, FL. 17, New York, NY 10173-1922.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Furthermore, Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201(a) and 28 U.S.C. §2202 to determine whether it has coverage for the claims it seeks pursuant to the terms of its insurance policy.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Texas, and Plaintiffs' residence is situated in this district. Moreover, all the properties that are affected and part of this lawsuit are situated in this district.

6. GREAT LAKES engages in the business of insurance in the State of Texas. The conduct of GREAT LAKES in the State of Texas includes:

   (a) The making and issuing of contracts of insurance with the Plaintiffs;

   (b) The taking and receiving the application of insurance for insurance from the Plaintiffs;

   (c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

   (d) The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

### III. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred. Notice has been given under the various statutes, including Texas Insurance Code Chapter 542A and Plaintiffs have met their other duties after this loss.

### IV. FACTS

A. <u>Plaintiffs had specific coverage for this type of loss.</u>

9. GREAT LAKES sold Plaintiffs a policy of insurance to cover their home, policy number GLH016841-03 (hereinafter referred to as the "policy"). The policy in question contained coverage for windstorm and hurricane damages including property damage, personal property and loss of use. During the underwriting process, GREAT LAKES determined that the risk was acceptable without any modifications, alterations, changes to the property or any specific exclusions based on the condition of the property.

10. The insuring agreement required the Plaintiffs to make payments to GREAT LAKES and in exchange GREAT LAKES would indemnify the Plaintiffs in the event of a covered loss. Plaintiffs faithfully paid the required premium, and the relevant policy is currently in full effect, providing property, personal property loss, and other coverages.

11. Plaintiffs reasonably expected that the policy purchased from GREAT LAKES included coverage for windstorm and hurricane damage to their property and to protect them from losses sustained at his property.

B. <u>November 4, 2022, Tree Damage to Plaintiffs' property.</u>

12. On or about 11/4/2022, Plaintiffs' home sustained damages from a tree falling on their dwelling and garage of their home due to a windstorm.

13. Immediately following the incident, Plaintiffs reported the property damage to GREAT LAKES and immediately began making steps to protect their property from further damage, such as cleaning up debris and placing a tarp over the damaged dwelling roof and garage area(s). On November 10, 2022, GREAT LAKES assigned an adjuster with The Littleton Group to adjust the property. The adjuster completed the estimate on or about November 22, 2022 and wrote an estimate in the amount of $29,488.84 as the actual cash value after applying deductible and after withholding $11,920.88 in recoverable depreciation.

14. Additionally, the Plaintiffs suffered personal property damage and on April 24, 2023, the undersigned sent a contents demand in the amount of $61,683.84. Again, on August 2, 2023, the undersigned included the loss of personal property in the 542A notice letter and to date the Plaintiffs have not been in full for their personal property.

C. Plaintiffs promptly filed their insurance claim and GREAT LAKES delayed payments.

15. Plaintiffs filed a claim with GREAT LAKES for the damages to the property caused by the damage from the tree to their property. Plaintiffs asked that GREAT LAKES cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

16. GREAT LAKES outsourced its investigative duties, claims handling, and coverage decisions to The Littleton Group, a Davies Company. Significant events in the claims handling are summarized in the table below:

| Date | Activity |
|---|---|
| 11-4-2022 | Tree falls on property and damages home and personal property |
|  | Plaintiffs file claim with GREAT LAKES |
| 11-10-2022 | Inspection by adjuster and the Plaintiffs request for help with personal property damage. |
| 11-22-2022 | Estimate is written for net payment of $29,488.84 for dwelling; no payments are issued for personal property or loss of use. |
| 2-8-2023 | Great Lakes sends Reservation of Rights letter to insureds regarding the wind loss and tree damage stating Great Lakes is continuing to investigate and determine the cause of the tree falling on their property. |

| 2-15-2023 | Great Lakes sends letter to insureds stating that they are accepting damages as a covered peril. |
|---|---|
|  | Insureds submit personal property contents list. |
| 3-7-2023 | Great Lakes sends letter to Insureds regarding contents and state that they enclosed a check for $3,704.98. |
| 3-7-2023 | Great Lakes sends letter to Insureds issuing payment in the amount of $9,195.84 for tree removal invoice for work completed by Ross Cleaning. |
| 8-2-2023 | Undersigned sends 542A DTPA Notice letter |
| 9-29-2023 | Counsel for Great Lakes accepts liability for adjusters and agents and states that they will respond as soon as possible. As the date of the filing of this Complaint, the undersigned has not received a formal response to the 542A DTPA Notice Letter. |

17. GREAT LAKES' initial property loss adjustment was inadequate, without limitation, in these respects:

- Failing to property identify all the damage to the roofing system and exterior elevations;
- Failing to identify all the damage to the interior of the home; and
- Failing to pay for all loss of personal property.

18. GREAT LAKES failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. GREAT LAKES' conduct constitutes a breach of the insurance contract between GREAT LAKES and Plaintiffs.

19. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practice. TEX. INS. CODE §541.060 (a) (1).

20. GREAT LAKES failed to attempt to settle Plaintiffs' claim in a fair and equitable manner, although liability to pay Plaintiffs were reasonably clear. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

21. GREAT LAKES failed to conduct a reasonable investigation. Specifically, GREAT LAKES performed an outcome-oriented investigation by ignoring evidence supporting coverage. GREAT LAKES' unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses and resulted in further damage to Plaintiffs' property. GREAT LAKES' conduct constitutes a violation of the TEXAS INSURANCE CODE, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. GREAT LAKES failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23. Upon information and belief, the GREAT LAKES has accepted the policy premiums with no intention of providing full coverage under the insuring agreement.

### V.    CAUSES OF ACTION

A. <u>COUNT 1: GREAT LAKES breached its contract with Plaintiffs.</u>

24. Plaintiffs re-incorporate by reference the above paragraphs as if stated herein more fully.

25. To prevail on a valid breach of contract claim, plaintiffs must prove that 1) there was a valid contract; 2) that plaintiffs have performed its obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiffs have sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

26. At the time Hurricane Laura damaged Plaintiffs' property, Plaintiffs had in place a policy issued by GREAT LAKES. Defendant does not dispute that a valid contract was in place.

27. Plaintiffs' premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiffs fulfilled the obligations under the policy, and more specifically, executed the duties under the contract after the loss.

28. GREAT LAKES wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to promptly pay for covered damages. GREAT LAKES is therefore in breach of the contract of insurance issued to Plaintiffs.

29. GREAT LAKES' conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

B. COUNT 2: GREAT LAKES violated the Deceptive Trade Practice Act.

30. Plaintiffs re-incorporate by reference the above paragraphs as if stated more fully herein.

31. Plaintiffs are "consumers" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from GREAT LAKES. GREAT LAKES violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because it engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to its detriment.

32. The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

   a. Committing false, misleading, or deceptive acts or practices as defined by §17.46(b); and

   b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

33. The acts and omissions of Defendant was a producing cause of the Plaintiffs' damages.

34. Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

35. Plaintiffs gave Defendant notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

C. <u>COUNT 3: GREAT LAKES violated §541 et seq. TEXAS INSURANCE CODE.</u>

36. Plaintiffs re-incorporate by reference the above paragraphs as if stated herein more fully.

37. GREAT LAKES violated the TEXAS INSURANCE CODE § 541 et seq. because it engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violations of:

    (a) Tex. Ins. Code §541.051;

    (b) Tex. Ins. Code §541.052;

    (c) Tex. Ins. Code §541.059;

    (d) engaging in unfair settlement practices by:

        (i) misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

        (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

    (iii) failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

    (iv) failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

    (v) refusing to pay a claim without conducting a reasonable investigation of the claim TEX. INS. CODE §541.060(a)(7).

  (e) misrepresenting Plaintiffs' insurance policy by:

    (i) making an untrue statement of material fact TEX. INS. CODE §541.061(1);

    (ii) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made TEX. INS. CODE §541.061(2); and

    (iii) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact TEX. INS. CODE §541.061(2); and

  (f) §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

38. Defendant's conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

39. Plaintiffs gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

40. Defendant's conduct described above was a producing cause of Plaintiffs' damages.

  D. <u>COUNT 4:  GREAT LAKES  violated the Texas Prompt Payment of Claims Act</u>

41. Plaintiffs re-incorporate by reference the above paragraphs as if stated herein more fully.

42. GREAT LAKES violated the Texas Insurance Code Ch. 542 and 542A because it failed to do the following within the statutorily mandated time of receiving all necessary information:

   (1) Failing to timely acknowledge the Plaintiffs' claim;

   (2) Failing to commence an investigation of Plaintiffs' claim;

   (3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

   (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

   (5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

   (6) Failing to pay Plaintiffs' claim without delay; and

   (7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

43. GREAT LAKES violated the Texas Insurance Code Ch. 542 by:

   (1) Knowingly misrepresented to the Plaintiffs pertinent facts or policy provisions relating to coverage;

   (2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

   (3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

   (4) Compelling Plaintiffs to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiffs.

44. Such failures constitute violations of Texas Insurance Code §§ 542.055, 542.056, 542.057, and 542.058 and §542A.001 et seq. As a result of the foregoing violations, the Plaintiffs request damages under Texas Insurance Code § 542.060.

    E. <u>COUNT 5: GREAT LAKES breached its duty of good faith and fair dealing.</u>

  45. Plaintiffs re-incorporate by reference the above paragraphs as if stated more fully herein.

  46. GREAT LAKES owed Plaintiffs a duty of good faith and fair dealing including the duty to pay covered claims when liability is reasonably clear. GREAT LAKES breached this duty when it conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiffs' claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiffs' damages.

    F. <u>COUNT 6: Fraudulent Misrepresentations</u>

  47. Plaintiffs re-incorporate by reference the above paragraphs as if stated more fully herein.

  48. GREAT LAKES made various representations to the Plaintiffs regarding the claim, including material representations regarding the extent of damages sustained to Plaintiffs' property, personal property and/or loss of use, which included material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false. At the time GREAT LAKES made the representations, it knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiffs act on them by not further pursuing claim or thinking there was no other money to recover. Plaintiffs relied on the representations and this caused injury.

49. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of GREAT LAKES constitute constructive fraud.

## VI. AMBIGUITY

50. The policy in place at the time of the date of loss, policy number GLH016841-03 contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss, coverages, exclusions, and/or policy endorsements.

## VII. WAIVER AND ESTOPPEL

51. GREAT LAKES has waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

52. As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages all of which are entitled to recover. Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 20 percent a year as damages, together with reasonable attorney's fees.

53. Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs are also entitled to recover treble damages because Defendant's conduct was committed knowingly.

54. Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

55. Plaintiffs are also entitled to consequential damages for other damages that they incur as a result of delay of payment of the full extent of their claim and/or having to pay more out for repairs than what Defendant has paid them to date.

### IX.   ATTORNEY'S FEES

56. Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiffs seek recovery of reasonable and necessary attorney's fees and court costs.

### X.   PRAYER AND JURY DEMAND

57. For these reasons, Plaintiffs ask for judgment against Defendant for economic damages, treble damages, exemplary damages, reasonable and necessary attorney's fees, pre-judgment, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show as entitled. Plaintiffs request a trial by jury and tender the appropriate fee with the filing of this petition.

Respectfully Submitted,

THE BRASHER LAW FIRM, PLLC

By:   */s/ Brooke Wilhelm*
Brooke Wilhelm
Texas Bar No. 24132378
brooke@brasherattorney.com
caryl@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
1122 Orleans St.
Beaumont, TX 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for the Plaintiffs*